**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| FAYE RENNA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 1:19-cv-02711-WMR |
| v. | ) | |
| | ) | |
| | ) | |
| DLH SOLUTIONS, INC. and DLH | ) | |
| HOLDINGS CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Plaintiff Faye Renna ("Plaintiff") and Defendants DLH Solutions, Inc. and DLH Holdings Corp. ("Defendants") (collectively, the "Parties"), through their undersigned counsel of record and pursuant to Local Rule 16.2, file this Joint Preliminary Report and Discovery Plan.

**1.    Description of Case:**

**(a)    Describe briefly the nature of this action:**

Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*., and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. Specifically, she alleges that Defendants: (1) owe her overtime wages

as she was improperly classified as exempt; (2) discriminated against her on the basis of her disability and failed to continue to accommodate her back condition and request for a reasonable accommodation for her disability; (3) retaliated against her by removing her long-term accommodation of working from home, placing her on a PIP, and terminating her employment because of her disability and/or for making a statutorily protected request under the ADA; and (4) interfered with her request for FMLA leave and retaliated against her for taking FMLA leave by placing her on a PIP and/or terminating her employment.

**(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Defendants employed Plaintiff as a payroll coordinator and classified her as exempt for purposes of the FLSA.  Defendants allowed Plaintiff to work from home multiple days a week on a regular basis.   In January 2018, Plaintiff alleges she advised her supervisor that she was ill and needed time off to seek medical treatment, and he insisted that she continue working and/or at minimum work before and after any doctor's visit.  When Plaintiff's physician required her to take medical leave for her serious health condition and/or disability, Plaintiff alleges her supervisor made his frustration with Plaintiff's inability to work known.  Plaintiff  requested and Defendants granted FMLA leave. Plaintiff returned to work in April 2018. On September 12, 2018, Defendants put Plaintiff on a Performance Improvement Plan

("PIP").  Plaintiff contends the PIP was retaliation for her protected FMLA leave, based in part on negative comments made about her leave when the PIP was presented to her. As part of her PIP, Plaintiff was required to work in the office four out of the five days a week.  Plaintiff alleges she immediately reminded human resources and her manager that she could not work in the office four days a week due to her known back condition and related inability to sit for extended periods during a lengthy commute, seeking accommodation from the sudden requirement that she work in the office.  Plaintiff further asked questions regarding other requirements of the PIP.  On September 17, 2018, Plaintiff failed to appear in the office as Defendants contend she was required to do by the terms of her PIP.  Plaintiff began working from home on September 17, 2018 as usual, and Defendants were aware that she was working that day.  She also communicated with human resources to inquire about her accommodation request and other PIP questions. Later that day, Defendants notified Plaintiff via text message that her employment was terminated for job abandonment.

    (c)    **The legal issues to be tried are as follows:**

        (1)    Whether Plaintiff was properly classified as an exempt employee under the FLSA, and, if not, whether Defendants failed to properly pay her for overtime worked?

        (2)    Whether Plaintiff was an individual with a disability and/or perceived as disabled  under the ADA?

   (3) Whether Plaintiff made a request for an accommodation pursuant to the ADA?

   (4) Whether Defendants unlawfully failed to accommodate Plaintiff's request and/or discriminated against Plaintiff on the basis of her disability?

   (5) Whether Defendants retaliated against Plaintiff for making a request for accommodation under the ADA?

   (6) Whether Defendants interfered with and/or retaliated against Plaintiff for taking FMLA leave?

   (7) Whether Plaintiff can prove damages recoverable under the FLSA, ADA, and/or FMLA?

The parties reserve the right to present additional legal issues to the Court as necessitated by the progress of this case.

 **(d)** **The cases listed below (include both style and action number) are:**

  **(1)** **Pending Related Cases:**

   None.

  **(2)** **Previously Adjudicated Related Cases:**

   None.

**2.** **This case is complex because it possesses one (1) or more of the features listed below (please check):**

 This is not a complex case.

  _____ **(1) Unusually large number of parties**
  _____ **(2) Unusually large number of claims or defenses**

- 4 -

     \_\_\_\_\_     **(3) Factual issues are exceptionally complex**
     \_\_\_\_\_     **(4) Greater than normal volume of evidence**
     \_\_\_\_\_     **(5) Extended discovery period is needed**
     \_\_\_\_\_     **(6) Problems locating or preserving evidence**
     \_\_\_\_\_     **(7) Pending parallel investigations or action by government**
     \_\_\_\_\_     **(8) Multiple use of experts**
     \_\_\_\_\_     **(9) Need for discovery outside United States boundaries**
     \_\_\_\_\_     **(10) Existence of highly technical issues and proof**

**3.**    **Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

<u>Plaintiff</u>:        Tracey T. Barbaree
                     Georgia Bar No. 036792
                     Beth A. Moeller
                     Georgia Bar No. 100158
                     Moeller Barbaree LLP
                     181 14th Street NE
                     Atlanta, GA 30309
                     (404) 748-9122

<u>Defendant</u>:     Douglas H. Duerr
                     Georgia Bar No. 231772
                     Megan Quinn
                     Georgia Bar No. 625272
                     Elarbee, Thompson, Sapp & Wilson, LLP
                     800 International Tower
                     229 Peachtree Street, NE
                     Atlanta, GA 30303
                     (404) 659-6700

**4.**    **Jurisdiction:**

**Is there any question regarding this court's jurisdiction?**

    \_\_\_**Yes**    <u>X</u>  **No**

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.      Parties to This Action:**

**(a)      The following persons are necessary parties who have not been joined:**

None.

**(b)      The following persons are improperly joined as parties:**

None.

**(c)      The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d)      The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.      Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.   Further instructions regarding amendments are contained in LR 15.

**(a)      List separately any amendments to the pleadings which the parties anticipate will be necessary:**

The parties do not anticipate that any additional amendments to the pleadings will be necessary; however, the parties reserve their right to file such amendments in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Court.

**(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times For Motions:**

**All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.   These times are restated below.   All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

**(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b)     *Summary Judgment Motions:* within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.**

**(c)     *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d)     *Motions Objecting to Expert Testimony*: *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.**

**8.     Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P.26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE:  Your initial disclosures should include electronically stored information.  Refer to Fed.R.Civ.P.26(a)(1)(B).**

The parties will serve initial disclosures on September 13, 2019.

**9.     Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference with the Court at this time.

**10.    Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-month discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

Discovery is needed regarding the Parties' allegations and defenses, as well as

Plaintiff's claims for damages.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery**

**should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties do not currently believe that additional time is necessary, but in the event additional time becomes necessary, the parties will file an appropriate motion with the Court.

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

**(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The parties intend to file a consent protective order to address confidential information that may be disclosed during discovery.

**(b)   Is any party seeking discovery of electronically stored information:**

   **X**   **Yes**           _____       **No**

If "yes,"

      **(1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties are in a dialogue concerning this issue.  In the absence of agreement on issues regarding discovery of electronically stored information ("ESI"), the parties will request a conference with the Court.

- 9 -

**(2)     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g. paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties agree to produce ESI in searchable PDF format on disks, paper or by electronic mail. After initial disclosure, the parties may request disclosure of metadata or native files for particular documents. If metadata is requested for specific materials, the parties shall cooperatively discuss the scope of the metadata production (e.g. which "fields" of metadata will be produced) and attempt to reach an agreement. If they cannot reach an agreement, they shall jointly seek guidance from the Court.

**12.   Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties anticipate filing a motion for protective order to limit the use and disclosure of confidential and other sensitive information that may be disclosed during discovery.

**13.   Settlement Potential:**

**(a)     Counsel for the parties certify by their signatures below that they conducted a telephonic Rule 26(f) conference that was held on** August 27, 2019**, and that they participated in settlement discussions.**

Counsel for Plaintiff:          s/Tracey T. Barbaree

Counsel for Defendants:          s/ Douglas Duerr
                                 s/ Megan Quinn

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

**(____)        A possibility of settlement before discovery.**
**( X )        A possibility of settlement after discovery.**
**(____)        A possibility of settlement, but a conference with the judge is needed.**
**(____)        No possibility of settlement.**

**(c)    Counsel (___X___) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is** November 6, 2019.

**(d)    The following specific problems have created a hindrance to settlement of this case:**

The parties have not conducted any discovery.

**14.    Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a)    The parties (___) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20__.**

**(b)    The parties (__X__) do not consent to having this case tried before a magistrate judge of this court.**

Respectfully submitted, this 13th day of September, 2019.

s/Tracey T. Barbaree                    s/Douglas H. Duerr

Tracey T. Barbaree
Georgia Bar No. 036792
Beth A. Moeller
Georgia Bar No. 100158
**Moeller Barbaree LLP**
181 14th Street NE
Atlanta, GA 30309
(404) 748-9122
tbarbaree@moellerbarbaree.com
bmoeller@moellerbarbaree.com

*Attorneys for Plaintiff*

Douglas H. Duerr
Georgia Bar No. 231772
Megan Quinn
Georgia Bar No. 625272
**Elarbee, Thompson, Sapp & Wilson, LLP**
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia  30303
(404) 659-6700
(404) 222-9718 (Facsimile)
duerr@elarbeethompson.com
quinn@elarbeethompson.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

FAYE RENNA,                                )
                                           )
      Plaintiff,                       )       CIVIL ACTION NO.
                                           )       1:19-cv-02711-WMR
v.                                         )
                                           )
                                           )
DLH SOLUTIONS, INC. and DLH                )
HOLDNGS CORP.,                             )
                                           )
      Defendants.                      )

## <u>SCHEDULING ORDER</u>

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____
_____

IT IS SO ORDERED, this ___ day of _____, 2019.

_____
UNITED STATES DISTRICT JUDGE